926

(January 5, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARLAND GEORGE HOWE, Appellant.— COOKE, J.  Appeal from an order of the County Court of Albany County, entered October 1, 1968, which granted defendant's application for leave to file a late notice of appeal from a judgment of conviction of July 26, 1954.  This appeal is from that portion of the order which precludes appellant from raising the issue of " defendant's mental status at the time of conviction."  Defendant, indicted for murder in the first degree, was examined by two psychiatrists and a psychologist, all of whom reported that he was not mentally defective and that he was " capable of understanding the nature and quality " of his actions.  The report of one psychiatrist, a copy of which is set forth in appellant's appendix, concluded with the opinion that " defendant is not in such state of idiocy, imbecility or insanity as to be incapable of understanding the charge against him or the proceedings, or of making his defense."  On July 26, 1954 defendant pleaded guilty to murder in the second degree and was sentenced to a term of 35 years to life.  At first confined at Clinton Prison, he was transferred to Dannemora State Hospital on August 5, 1954, where he was diagnosed on entry as a schizophrenic catatonic type, and was released back to Clinton Prison in 1962 as having recovered. A coram nobis application premised on his assigned counsel's alleged improper representation was denied, the determination being affirmed (13 A D 2d 556), and this court also affirmed a denial in another such proceeding in which defendant alleged that he was insane at the time of plea (14 A D 2d 473).  Based on the lack of objection by the District Attorney, the court below in 1968 granted leave to defendant to file a notice of appeal from said conviction, with the limitation that defendant shall not raise on the appeal issues of mental status at the time of conviction, coercion or illegality of sentence and experience of counsel, which questions the court found had been previously passed upon and the dispositions approved by said appellate affirmances.  A court cannot enlarge appellant's time to appeal (Code Crim. Pro., § 521; People v. King, 273 N. Y. 646; Matter of Pugach v. Tierney, 28 A D 2d 665; People v. James, 23 A D 2d 859; People v. Kling, 19 A D 2d 750, affd. 14 N Y 2d 571; People v. Marchese, 19 A D 2d 728, affd. 14 N Y 2d 695).  Furthermore, the order purportedly appealed from, being neither a judgment nor an order denying a motion to vacate a judgment of conviction, was not appealable under section 517 of the Code of Criminal Procedure.  Appeal dismissed.  Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.